(C. D. 1132)

Ignaz Strauss & Co., Inc. v. United States

United States Customs Court, First Division

(Decided October 13, 1948)

*John D. Rode* for the plaintiff.

*David N. Edelstein,* Assistant Attorney General (*Joseph E. Weil,* special attorney), for the defendant.

Before OLIVER, COLE, and MOLLISON, Judges

OLIVER, Chief Judge: These protests are filed against the action of the collector of customs at New York in assessing duties on certain merchandise imported from Mexico which was described on the invoices as "plastic combs with silver band trim." The merchandise was classified in one case under paragraph 1527 (c) (2) of the Tariff Act of 1930 at rates equivalent to 110 per centum ad valorem as "Articles * * * designed to be worn on apparel or carried on or about or attached to the person, such as and including * * * combs * * * and like articles * * *," and in the other case under the same paragraph, as modified by the French Trade Agreement, T. D. 48316, at rates equivalent to 65 per centum ad valorem, depending upon whether the articles were worth over or under $5 per dozen pieces. In both cases the importer claims that the said articles are properly dutiable as jewelry at rates equivalent to 55 per centum ad valorem under said paragraph 1527 (a) (2) of the Tariff Act of 1930, as amended by the Mexican Trade Agreement, T. D. 50797.

A sample, representative of the merchandise before us, was received in evidence as plaintiff's illustrative exhibit A (R. 9). It is a plastic comb with some silver decoration on it consisting of knobs and flowers. Other combs in the importation had silver bars on them but all had some silver decoration or trim across the top of the comb. Plaintiff's sole witness, its sales and import manager, testified that he has been employed for 23 years by the plaintiff corporation which is engaged in the business of importing novelties, jewelry, and other items from various foreign countries and that he had been familiar with items similar to illustrative exhibit A for the last 6 years. He stated that such merchandise was "sold to all department stores throughout the United States, jewelry departments of department stores, and small jewelry stores throughout the United States." (R. 9.) He further testified that he had personally handled jewelry for over 15 years and

had sold items similar to illustrative exhibit A, in conjunction with bracelets and necklaces, to jewelry buyers from various sections of the country who came into his establishment and that the only type of trade that bought any articles of that class was the jewelry trade. The witness stated that he had seen similar articles displayed in various jewelry stores and in jewelry departments of department stores to which his company sold such merchandise and that he had seen them used as they were sold, in pairs, and that they were worn in the back of the hair, but that he had never seen an article like illustrative exhibit A used to comb the hair; that he had seen these articles worn many times in places such as night clubs and shows and in various places in practically all sections of the country, and that their use was the same.

On cross-examination the witness testified that he had seen combs similar to those in issue without any decoration of any kind upon them (R. 15) and that there is no question but that the imported article is a comb. He further stated that he had seen articles like illustrative exhibit A sold in lingerie shops (R. 17) and that in such shops articles of jewelry such as earrings, bracelets, and necklaces were being sold as well as lingerie.

No testimony was offered by the Government in support of the collector's classification.

The issue here is whether or not the articles at bar were commonly or commercially known as jewelry. This is either a matter of proof or of judicial knowledge. In *United States* v. *International Forwarding Co.*, 13 Ct. Cust. Appls. 190, T. D. 41052, our appellate court there said (p. 198):

* * * It seems equally clear that the common conception of what jewelry is, in a sense may be changed by the manner in which it is sold and handled in large department stores, clothing stores, and elsewhere other than strictly in the sales shop of the jeweler.

The fact that Congress has modified the word "jewelry" so often in various ways, in its various tariff enactments, leads to the inevitable conclusion that it did so either with the purpose of requiring classification regardless of the dictionary and court definitions, or to meet the changes in the same.

The plaintiff, in support of its contention that the combs in question are jewelry, directs our attention to the case of *Strauss, Sachs & Co. et al.* v. *United States*, 14 Treas. Dec. 153, T. D. 28391 (G. A. 6658), reported August 15, 1907, wherein the Board of General Appraisers held that side and back combs mounted with precious metal or base metal plated with gold or silver, with or without imitation precious stone settings, were commonly known as jewelry, dutiable at 60 per centum ad valorem under paragraph 434, Tariff Act of 1897; other combs having cheap stampings of base metal, not plated, attached

by unskilled labor, were held dutiable therein at the rate applicable to the component material of chief value. The Government, in its brief, contends that not only has the plaintiff failed to prove that the combs here are commonly known as "jewelry" but that it has further failed to establish that the merchandise is commercially known as jewelry.

The classification made by the collector raises a presumption of correctness that the articles before us were "designed to be worn on apparel or carried on or about or attached to the person" (paragraph 1527 (c) (2)). The importer had the burden not only of overcoming this presumption but also of affirmatively establishing its own claim (*United States* v. *Marcel Kurtz*, 21 C. C. P. A. 12, T. D. 46320). The presumption of correctness attaching to the collector's classification is only a presumption. It "can not be regarded as having evidentiary value and can not be weighed against the evidence produced on the trial." (*Marshall Field & Co.* v. *United States*, 20 C. C. P. A. 225, 228, T. D. 46037, and cases cited therein.) Our appellate court has held that "the uncontradicted and unimpeached testimony of a single competent and credible witness may be sufficient to overcome the presumption in support of the collector's assessment and establish a *prima facie* case in favor of the protestant." See *United States* v. *Gardel Industries*, 33 C. C. P. A. 118, C. A. D. 325, and cases cited. Plaintiff's witness, with over 20 years' experience in the business and who had personally handled jewelry for over 15 years, has established affirmatively that the imported combs, decorated with silver, are jewelry. Plaintiff has thus overcome the presumption of correctness attaching to the collector's classification and has made out a *prima facie* case in support of its protest. The Government has not impeached this testimony on cross-examination and has introduced no evidence in support of the collector's classification and the testimony of the plaintiff stands in the record as uncontradicted. On this record and an inspection of the sample in evidence, we find that the imported combs are jewelry.

On the issue of relative specificity, we hold that the provision for all articles, commonly or commercially known as jewelry, in paragraph 1527 (a) (2) of the Tariff Act of 1930 is more specific than the *eo nomine* provision for combs in the same paragraph. (*Cohn & Rosenberger* v. *United States*, 4 Ct. Cust. Appls. 378, T. D. 33536.) The protest is therefore sustained and we hold that the combs at bar are properly dutiable as "jewelry" at rates equivalent to 55 per centum ad valorem under the provisions of paragraph 1527 (a) (2) of the Tariff Act of 1930, as amended by the Trade Agreement with Mexico, T. D. 50797. Judgment will be rendered accordingly.