UNITED STATES *v.* IGNAZ STRAUSS & Co., INC. (No. 4613)[1]

United States Court of Customs and Patent Appeals, November 7, 1949

*David N. Edelstein*, Assistant Attorney General (*Sybil Phillips* and *Alfred A. Taylor, Jr.*, special attorneys, of counsel), for the United States.
*John D. Rode* for appellee.

[Oral argument October 5, 1949, by Mr. Taylor and Mr. Rode]

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, and JOHNSON, Associate Judges

O'CONNELL, Judge, delivered the opinion of the court:

This is an appeal by the United States from a judgment of the United States Customs Court, First Division, rendered in conformity with its decision, 21 Cust. Ct. 82, C. D. 1132, in which that court sustained the claim in two protests filed by the importer, appellee here, that certain imported merchandise, described on the invoices as

[1] C. A. D. 418.

"plastic combs with silver band trim," was properly dutiable as "Jewelry, commonly or commercially so known," at rates equivalent to 55 per centum ad valorem under paragraph 1527 (a) (2) of the Tariff Act of 1930, as amended by the trade agreement with Mexico, T. D. 50797.

The goods were imported from Mexico in two shipments and were classified as articles of personal adornment and assessed with duties in one case under paragraph 1527 (c) (2) at rates equivalent to 110 per centum ad valorem and in the other case as articles "designed to be worn on apparel or carried on or about or attached to the person," under the same paragraph, at rates equivalent to 65 per centum ad valorem by virtue of the trade agreement with France, T. D. 48316.

The different rates of duty were applied by the Collector of Customs at the port of New York in view of the fact that the imported articles were valued at above $5 per dozen pieces in one case and below that amount in the other. In other words, where the value per dozen pieces was less than $5, the French Trade Agreement was not applicable and the rates provided for in paragraph 1527 (c) (2), equivalent to 110 per centum, were assessed.

. The pertinent portion of the paragraph, as modified by the trade agreement with Mexico, reads as follows:

| TARIFF ACT OF 1930 PARAGRAPH | DESCRIPTION OF ARTICLE | RATE OF DUTY |
|---|---|---|
| 1527 (a) (2)_ | Jewelry, commonly or commercially so known, finished or unfinished (including parts thereof), of whatever material composed (except jewelry composed wholly or in chief value of gold or platinum, or of which the metal part is wholly or in chief value of gold or platinum): | |
| | Valued above 20 cents but not above $5 per dozen pieces. | ½¢ each plus ³⁄₁₀¢ per doz. for each 1¢ the value exceeds 20¢ per doz., and 25% ad valorem. |
| | Valued above $5 per dozen pieces__ | ½¢ each plus ³⁄₁₀¢ per doz. for each 1¢ the value exceeds 20¢ per doz. and 25% ad valorem. |
| | *Provided,* That none of the foregoing shall be subject to a less amount of duty than would be payable if the article were not dutiable under this paragraph. | |

The pertinent portion of the paragraph, as modified with the trade agreement with France, reads as follows:

| TARIFF ACT OF 1930 PARAGRAPH | DESCRIPTION OF ARTICLES | RATE OF DUTY |
|---|---|---|
| 1527 (c)____ | Articles valued above 20 cents per dozen pieces, designed to be worn on apparel or carried on or about or attached to the person, such as and including buckles, card-cases, chains, cigar cases, cigar cutters, cigar holders, cigar lighters, cigarette cases, cigarette holders, coin holders, collar, cuff and dress buttons, combs, match boxes, mesh bags, and purses, millinery, military, and hair ornaments, pins, powder cases, stamp cases, vanity cases, watch bracelets, and like articles; all the foregoing and parts thereof, finished or unfinished: | |
| | (1) Composed wholly or in chief value of gold or platinum, or of which the metal part is wholly or in chief value of gold or platinum. | 60% ad val. |
| | (2) Composed wholly or in chief value of metal other than gold or platinum (whether or not enameled, washed, covered, or plated, including rolled gold plate), or (if not composed in chief value of metal and if not dutiable under clause (1) of this subparagraph) set with and in chief value of precious or semiprecious stones, pearls, cameos, coral, amber, imitation precious or semiprecious stones, or imitation pearls, and valued above $5 per dozen pieces. | ⅗¢ each and ⅗¢ per doz. for each 1¢ the value exceeds 20¢ per doz. and 25% ad val. |

No testimony was offered by appellant in support of the collector's classification or otherwise. One sample representative of the imported merchandise, Illustrative Exhibit A, is in evidence together with the testimony of the sole witness on behalf of appellee, Maurice Lempkin. He stated without contradiction that he was the sales and import manager for appellee and had been employed by it for twenty-three years in the business of importing novelties and jewelry; that for the last six years he was familiar with items of merchandise similar to the sample in evidence, which merchandise was sold to jewelry departments of department stores and to small jewelry stores throughout the United States; that he had seen such merchandise displayed therein but in no other place; that he had personally handled jewelry for more than fifteen years and had sold articles similar to the sample in evidence exclusively to jewelry buyers

in conjunction with bracelets and neckwear; and that the only type of trade which bought articles of the class here in issue was the jewelry trade.

The witness testified further that the imported combs were used as they were sold, in pairs; that they were worn "in the back of a woman's hair, to decorate the back part of her head"; that he had seen them worn many times in practically all sections of the country, especially during the summer months, in places, such as at night clubs and at shows; and that he never had seen an article like the sample in evidence used to comb the hair.

The witness on cross-examination testified that he had seen combs similar to those in issue without any decoration of any kind upon them and that he did not dispute that the imported article is a comb. The witness further stated on redirect examination that he had seen articles like the sample in evidence sold in lingerie shops where they were selling other articles of jewelry such as earrings, bracelets, and neckwear.

The witness described the sample in evidence in the following excerpt taken from the record before us:

Q. I show you a sample, and ask you if that is representative of all of the merchandise you have just stated you looked at?—A. That is representative of the merchandise.

Q. How, if at all, do some of the items differ from that?—A. Well, this has 3 knobs on it, 4 flowers; some have bars on them, in other words, different decoration, silver decoration on top of the comb.

Q. They were all plastic—the comb part was all plastic?—A. That is right.

Q. And they all had silver, some silver trim?—A. Some silver trim across the top, the same as this.

Q. Across the top?—A. Yes.

Appellant contends here as it did in the court below that appellee not only failed to prove that the combs here in issue were commonly known as "jewelry" but also further failed to establish that the merchandise was commercially known as "jewelry."

The trial court found and held that appellee had made out a prima facie case to the effect that the imported combs with silver trimmings were articles of jewelry within the purview of paragraph 1527 (a) (2).

Appellee here contends that the finding of the court is supported by the weight of evidence. It relies upon the uncontradicted and unimpeached oral testimony of the witness Lempkin, together with the sample in evidence. Appellee contends the court may take judicial notice also of the fact that the article in question is jewelry, commonly or commercially so known.

The trial court properly held that the presumption of correctness attaching to the collector's classification of merchandise is not to be regarded as having evidentiary value so that the presumption may be weighed against the evidence of the party challenging the validity of

the classification. *Morse Bros. (Inc.)* v. *United States*, 13 Ct. Cust. Appls. 553, T. D. 41432; *Marshall Field & Co.* v. *United States*, 20 C. C. P. A. (Customs) 225, T. D. 46037. Moreover, findings of fact made by the Customs Court will not be disturbed on appeal unless such findings are clearly contrary to the weight of the evidence. *United States* v. *Flexideal Dry Mat Co.*, 23 C. C. P. A. (Customs) 270, 275, T. D. 48113.

Appellant properly contends that it is a matter of common knowledge of which the court may take judicial notice that many articles are displayed in jewelry shops and in the jewelry departments of department stores which do not fall within the common or commercial conception of jewelry. Reliance upon the merchandising medium through which articles may be sold is not always a proper criterion by which their classification may be established. *United States* v. *Ignaz Strauss & Co. Inc.*, 37 C. C. P. A. (Customs) 46, C. A. D. 415, Appeal No. 4599, decided concurrently herewith. This court is not to be understood, however, as offering the suggestion that anyone wishing to shop for jewelry would not at the outset visit a jewelry shop or the jewelry department of a department store.

We are convinced after a careful consideration of the testimony hereinbefore set forth that the only reasonable inference to be drawn from such testimony and an inspection of the sample in evidence is that such combs were so ornamental as to be commonly and commercially known as jewelry; and that, as properly held by the trial court, appellee by its evidence sufficiently established a prima facie case in support of its protest. See *Strauss, Sachs & Co. et al.* v. *United States*, 14 Treas. Dec. 153, T. D. 28391; *United States* v. *International Forwarding Co.*, 13 Ct. Cust. Appls. 190, T. D. 41052.

In view of the foregoing conclusion it is deemed unnecessary to discuss other points raised by appellant, and the judgment of the United States Customs Court is accordingly *affirmed*.

By reason of illness, HATFIELD, Judge, was not present at the argument of this case and did not participate in the decision.